1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SIENKIEWICZ,

      Plaintiff,

  v.

BALDA SOLUTIONS USA, INC.,
BALDA AG, and DOES 1–30, inclusive,

      Defendants.

_____/

No. C 12-03962 WHA

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND
DENYING DEFENDANTS'
MOTION TO TRANSFER
AND VACATING HEARING**

## INTRODUCTION

In this breach-of-employment contract dispute, plaintiff seeks to remand this case to California state court for lack of diversity jurisdiction. Defendants seek to transfer this case to the Eastern District of North Carolina pursuant to 28 U.S.C. 1404(a). For the following reasons, plaintiff's motion is **DENIED** and defendants' motion is **DENIED**. This Court will retain jurisdiction of the action. The hearing scheduled for September 27 is **VACATED**.

## STATEMENT

Plaintiff, a resident of California, filed suit against defendants in San Francisco County Superior Court for failure to pay wages and breach of contract for failure to pay wages and benefits under a written agreement. Defendants, Balda Solutions USA, Inc. and Balda AG are incorporated in North Carolina and Germany, respectively. Defendants removed this case to federal court claiming diversity jurisdiction. Plaintiff seeks to remand the case to California

United States District Court
For the Northern District of California

1  Superior Court for lack of diversity.  Defendants seek to transfer the case to the Eastern District

2  of North Carolina.

3      Plaintiff was employed by defendant Balda AG as CEO and vice chairman of the

4  board of supervisors and performed work for Balda AG from his home in San Francisco.

5  Upon termination of plaintiff's role as CEO and vice chairman, plaintiff and defendants entered

6  into a settlement agreement.  In dispute are the terms of the settlement agreement and the parties'

7  performance.  Specific facts pertaining to plaintiff's motion to remand and defendants' motion to

8  transfer are analyzed below.

9                          **ANALYSIS**

10     **1.    MOTION TO REMAND.**

11     An action may be removed to federal court on the basis of diversity jurisdiction.

12  28 U.S.C. 1332, 1441(b).  Federal jurisdiction founded on diversity requires that the amount in

13  controversy exceed $75,000 and that the parties be in complete diversity.  "Complete diversity"

14  means that all plaintiffs must have citizenship different than all defendants.  *Allstate Ins. Co. v.*

15  *Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  A corporation is a citizen of both the state in

16  which it was incorporated and of the state where it has its principal place of business.  28 U.S.C.

17  1332(c).  Plaintiff, a citizen of California, argues that Balda AG has its principal place of

18  business in California, such that the parties are not diverse.  This order disagrees.

19     Plaintiff relies upon the "place of operations" test articulated by our court of appeals

20  to support the claim that Balda AG has a principal place of business in California (Mot. ¶ 9).

21  *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001).

22  This is incorrect.  Plaintiff is relying upon abrogated law.  The Supreme Court has clearly

23  stated a corporation's principal place of business is its "nerve center" or "place where [the]

24  corporation's high level officers direct, control, and coordinate the corporation's activities."

25  *Hertz Corp. v. Friend*, ⸻ U.S. ⸻, 130 S.Ct. 1181, 1186 (2010).

26     Plaintiff further contends, under either test, Balda AG's principal place of business is

27  located in California.  Plaintiff argues that while he was employed by Balda AG as vice

28  chairman and CEO, the business was operated from California.  This is irrelevant to a

determination of diversity in this matter.  Diversity jurisdiction is determined as of the time the complaint is filed and removal is affected.  *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–1132 (9th Cir. 2002).  Defendants have provided facts that establish Balda AG's principal place of business is in Germany.  Balda AG is incorporated and headquartered in Germany.  The supervisory board is responsible for approving the annual budget, financial statements and business decisions involving expansion and financial assets.  The supervisory board meets in person twice per year in Germany.  The chairman of the supervisory board resides in Germany and the remaining two board members reside in Taiwan.  No supervisory board members perform work in California.  The general shareholders meeting also occurs in Germany.  The meeting minutes are all maintained in Germany.  Nothing in the record indicates Balda AG has a presence in California amounting to a principal place of business.  Accordingly, plaintiff's motion to remand is **DENIED**.

        **2.**        **MOTION TO TRANSFER.**

Defendants argue that this case should be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. 1404(a) "[f]or the convenience of parties and witnesses [or] in the interest of justice."  The purpose of Section 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Plaintiff does not dispute that the action could have been brought in the Eastern District of North Carolina. The sole issue here is whether transfer of the action is convenient for the parties and witnesses.  A motion to transfer venue under Section 1404(a) "requires the Court to weigh multiple factors in its determination whether transfer is appropriate in a particular case."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Those factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

**United States District Court**
For the Northern District of California

*Id*. at 498–499.

Here, all factors are neutral with the sole exception of plaintiff's choice of forum. There is a general presumption in favor of a plaintiff's choice of forum and "[t]he defendant must make a strong showing of inconvenience" to overcome that presumption. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants have failed to make such a showing. Plaintiff chose to file suit in California where he lives and works. "A plaintiff's choice of forum is entitled to greater deference when [as here] the plaintiff has chosen the home forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Additionally, it would be both inconvenient and expensive for plaintiff to litigate this case in the Eastern District of North Carolina. As such this factor weighs strongly against transfer.

Defendants point to a decision which lists several factors that may diminish a plaintiff's choice of forum "if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *See Metz v. United States Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009). *First*, this decision is not binding. *Second*, defendants have not shown the factors are applicable to this action. Defendants argue the operative facts did not occur within the forum, the forum is not a primary residence of defendants and the subject matter of the litigation is not connected to the forum. Not so. Both operative facts and subject matter are connected to the forum, as plaintiff resided in the forum while working for defendants both at the time the contract was negotiated and during the alleged performance under the contract. Additionally, defendants need not reside in the forum. At issue is whether *any* party resides in the forum and here plaintiff does.

With the exception of plaintiff's choice of forum, the remaining factors are neutral. *First*, the respective parties' contacts with the forum do not weigh significantly in either direction. While plaintiff has close contacts with the chosen forum, defendants do not.

4

*Second*, the contacts relating to plaintiff's claim in the chosen forum also do not weigh strongly for or against transfer. Although many of the facts relating to the claim are in dispute, some of the contacts related to the claim occurred in the chosen forum (plaintiff's execution and alleged performance of the contract and previous employment for defendants) and some contacts occurred in the proposed transfer forum (defendant Balda USA's execution and alleged performance under the contract).

*Third*, law from both states is implicated. Plaintiff's claims for relief are brought under California law while provisions of the contract are subject to the laws of North Carolina or Germany. No forum is positioned to be the most familiar with the law governing the case.

*Fourth*, the compulsory process available to compel witness testimony is neutral. Defendants have identified ten non-party witnesses located outside of California who cannot be compelled to testify more than 100 miles from their places of residence and employment pursuant to FRCP 45(c)(3)(A)(ii). Plaintiff, however, has submitted affidavits from eight of defendants' non-party witnesses in which they declare they are willing to and would prefer to testify in the Northern District of California.

*Fifth*, the sources of proof are distributed throughout both forums. Modern technology has made possible the electronic exchange of documents, minimizing the costs associated with transporting documentary evidence. As a result, access to proof does not clearly favor one forum over the other.

*Sixth*, the location where relevant agreements were negotiated and executed is neutral because all forums were implicated in the execution of the settlement agreement. Defendants allege and plaintiff does not dispute the settlement agreement was negotiated in Germany and executed by the parties from their respective locations in North Carolina, California and Germany.

*Seventh*, the difference of cost litigating in the two forums does not weigh heavily one way or another. There are witnesses in both forums. The parties are in both forums. Evidence likely is in both forums. Defendants have not shown that transfer will do any

*United States District Court*

For the Northern District of California

United States District Court

For the Northern District of California

1   more than "merely shift rather than eliminate the inconvenience" to the plaintiff. *See Decker*,

2   805 F.2d at 843.

3       Defendants further contend the convenience to the parties and witnesses weighs in favor

4   of transfer. This order disagrees. Convenience to the parties weighs against transfer. Plaintiff is

5   an individual while defendants are corporations located in Germany and North Carolina.

6   Defendants will be burdened by travel regardless of the forum selection. The inconvenience

7   to plaintiff of litigating this case in the Eastern District of North Carolina is certainly greater

8   than the inconvenience to the defendants of litigating in the Northern District of California.

9       Finally, defendants contend eight witnesses are located in North Carolina, one in

10  Massachusetts and one in Texas, therefore, it is more convenient for the witnesses to transfer

11  this case to the Eastern District of North Carolina. Plaintiff, however, submitted declarations

12  from eight of defendants' witnesses that indicate they would prefer to testify in the Northern

13  District of California. Furthermore, all of plaintiff's witnesses prefer to testify in this district.

14  Thus only two of defendants' witnesses prefer to testify in North Carolina. This factor clearly

15  weighs against transfer.

16      On a motion to transfer, a defendant "must make a strong showing of inconvenience

17  to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843.

18  Defendants have failed to make this showing. Defendants' motion to transfer is **DENIED**.

### CONCLUSION

20      For the reasons stated, plaintiff's motion to remand is **DENIED** and defendants' motion to

21  transfer venue is **DENIED**. The hearing scheduled for September 27 is **VACATED**.

22

23      **IT IS SO ORDERED.**

24

25  Dated:  September 17, 2012.

26                                                     WILLIAM ALSUP
                                                       UNITED STATES DISTRICT JUDGE
27

28